UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DAVID SOUTHERN, )
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　)
v. ) 3:05-CV-413
　) (VARLAN/SHIRLEY)
　　　　　　　　　　　　　　　　　　)
JO ANNE B. BARNHART, )
Commissioner )
of Social Security, )
　　　　　　　　　　　　　　　　　　)
　　　　Defendant. )

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc. 14] and the defendant's motion for summary judgment. [Doc. 18]. Plaintiff David Southern seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

　　　　1.　　　　The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's muscuoloskeletal impairments are considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity for light work that does not require repetitive stooping, squatting, crawling, or bending.

7. The claimant is unable to perform any of his past relevant work (20 C.F.R. § 404.1565).

8. The claimant is a "younger individual between the ages of 18 and 44" (20 C.F.R. § 404.1563).

9. The claimant has a "high school (or high school equivalent) education" (20 C.F.R. § 404.1564).

10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. § 404.1568).

> 11. The claimant has the residual functional capacity to perform a significant range of light work (20 C.F.R. § 404.1567).
>
> 12. Although the claimant's exertional limitations do not allow him to perform the full range of light work, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as a textile folder, a garment bagger, and a marker (retailer).
>
> 13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 404.1520(g)).

(Tr. 18-19).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

Plaintiff challenges the ALJ's decision on the basis that he failed to provide his rationale for rejecting the opinion of Dr. Dubac, a treating orthopedist, and that the vocational expert ("VE") was unable to identify a significant number of jobs available to an individual with

plaintiff's postural restrictions and vocational factors and who is limited to sedentary[1] work. (Tr. 240).

Plaintiff asserts that the ALJ failed to adequately consider the assessment of restrictions offered by his treating orthopedic specialist Dr. Dubuc and offered no rationale for rejecting his opinion that the claimant can lift no greater than 11 to 15 pounds, can do only minimal bending, and must spend 50 to 75% of the workday in a seated position. (Tr. 14-18). Plaintiff acknowledges that the ALJ provided a reason for rejecting the opinion of total disability by Dr. Moore, but gave no reason for not adopting the restrictions assessed by Dr. Dubuc. State agency physician Dr. Knox-Carter determined that plaintiff retained the residual functional capacity ("RFC") to perform light[2] work. (Tr. 211).

Plaintiff maintains that the ALJ failed to adequately address the factors in 20 C.F.R. § 404.1527(d), all of which weigh heavily in favor of the assessment by Dr. Dubuc who treated him for several months before his November 2003 assessment. Plaintiff asserts that although the ALJ's decision suggests that the treatment records from his physical therapist support a conclusion that he is capable of performing light work, the physical therapist documented decreased motor strength, diminished reflexes, and sensory deficits consistent with sciatica, which plaintiff maintains is consistent with the findings of Drs. Dubuc, Dixit, and Moore and that the only differing opinion is

---

[1]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary to carry out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

[2]Light work requires lifting and carrying 20 pounds occasionally and 10 pounds frequently. See 20 C.F.R. § 404.1567(b).

4

that from nonexamining physician, Dr. Knox-Carter, "who lacked Dr. Dubuc's longitudinal perspective." (Tr. 189, 211).

The Commissioner contends that plaintiff's sole argument is that the ALJ failed to give a rationale for rejecting the opinion of treating physician Dr. Dubuc and that the VE "was unable to identify a significant number of jobs which are available to an individual with [plaintiff's] postural restrictions and vocational factors who is limited to sedentary work." The Commissioner argues that contrary to plaintiff's arguments, the ALJ did not reject Dr. Dubuc's opinion, but instead, provided an RFC finding of light work that was largely consistent with his opinion. She points out that the ALJ stated that Dr. Dubuc opined that plaintiff could lift 11 to 15 pounds, could perform minimal bending, and sitting 50 to 75% of the time to be "generally consistent" with plaintiff's RFC (Tr. 17, 153).

The Commissioner notes that Dr. Page opined that on the basis of plaintiff's April 2003 MRI, plaintiff could work with restrictions or retraining and that Dr. Dubuc's examination notes do not provide any evidence to suggest plaintiff had such extreme limitations in his ability to stand or walk. (Tr. 157, 159). Specifically, Dr. Page and Dr. Dubuc both recommended on several occasions that conservative treatment would be appropriate and that plaintiff engage in physical therapy, involving a treadmill, stretching, and biking. (Tr. 138-40, 155, 157). The Commissioner notes that the ALJ did not accept Dr. Dubuc's opinion that plaintiff needed to sit 50 to 75% of the time because his opinions were unsupported by other medical sources in the record (Tr. 153), noting that plaintiff fails to cite any medical evidence or medical source opinion that contradicts the ALJ's RFC finding.

5

As further support, the Commissioner points out that in April 2004, state agency reviewing physician Dr. Knox-Carter reviewed the medical record and found that plaintiff could perform unrestricted light work with the ability to sit, stand, and walk for 6 hours in an 8-hour day. (Tr. 206-11). Although plaintiff contends that the ALJ could not rely on Dr. Knox-Carter's opinion because she was a reviewing physician, the Commissioner maintains that the ALJ was required to consider Dr. Knox-Carter's opinion because it resulted from a review of the entire record, whereas Dr. Dubuc's opinion regarding plaintiff's sitting and standing ability was based solely on his own examinations. The Commissioner argues that because the ALJ's RFC finding was based on the restrictions provided by Dr. Dubuc and Dr. Knox-Carter and because plaintiff has failed to show that substantial evidence does not support this finding, this Court should affirm the ALJ's decision.

Next, the Commissioner also contends that even if the Court finds that plaintiff could not perform a significant number of light jobs, he retained the ability to perform a significant number of sedentary jobs, noting that the VE testified that there were 869 sedentary positions that plaintiff could perform. (Tr. 240). Furthermore, she maintains that plaintiff does not argue that he is incapable of performing sedentary work, just that the number of positions does not constitute a significant number of jobs to meet the Commissioner's burden.

Although plaintiff contends that the ALJ failed to give a rationale for rejecting Dr. Dubuc's opinion, I find no merit to plaintiff's arguments. 20 C.F.R. § 404.1527 (ALJ considers the totality of the evidence in making a determination on the issue of disability). The ALJ found that plaintiff "has the residual functional capacity for light work that does not require repetitive stooping, squatting, crawling, or bending." (Tr. 15-17, 19). He discussed at length the records of

Dr. Dubuc. Specifically, he noted that "[i]n June 2003 Dr. Dubuc opined that the claimant could perform no stooping, squatting, bending, or crawling; and could not lift more than 35-40 pounds," stating that "it was too soon to tell if these restrictions were permanent," and noted that "[o]n November 15, 2003, Dr. Dubuc stated that the claimant could return to work on light duty, with lifting 11-15 pounds, minimal bending, and 50-75 percent of work in a seated position." (Tr. 16). The ALJ stated that he had

> considered the opinions of Drs. Dubuc/Page in November 2003, and the state agency medical consultants in April 2004, opinions which are generally consistent with the above stated residual functional capacity. The undersigned has also considered the objective medical findings of the claimant's treating physical therapists in determining that he can perform light work that does not require repetitive stooping, squatting, crawling, or bending.

(Tr. 17). The ALJ observed that "[t]he record reflects no evidence of nerve root compression, muscle weakness, motor loss, or sensory or reflex loss, and the claimant exhibits normal gait with ability to walk on tip toes and heels." (Tr. 17). Thus, the ALJ did not adopt Dr. Dubuc's sitting restriction because it was not supported by the record. (Tr. 153) See Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir. 1993) (ALJ may reject treating source opinions that are either unsupported or internally inconsistent); Crowe v. Harris, 489 F. Supp. 683, 689 (E.D. Tenn. 1980) (within province of Commissioner to determine that medical evidence is more consistent with the diagnosis of one physician over another). In addition, plaintiff's claim of disability is undermined by the fact that he received only conservative treatment of physical therapy and Celebrex and was not a candidate for surgery. (Tr. 15, 138-43, 157, 184-205).

7

The ALJ also noted that the opinion of state agency, reviewing physician Dr. Knox-Carter supported the ALJ's conclusion that plaintiff could perform light work. (Tr. 16, 206-11) 20 C.F.R. § 404.1527(f)(2)(i) ("State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation.").

With regard to plaintiff's argument that the VE was unable to identify a significant number of jobs for sedentary work, I note that the Regulations state that the plaintiff must be able to perform work that exists "in significant numbers." 20 C.F.R. § 404.1566. However, the jobs do not have to exist locally, for disability depends on an inability to perform substantial gainful activity that exists "in the national economy." 20 C.F.R. § 404.1505.

In the present case, the VE testified as follows regarding the number of positions for sedentary work:

> The first occupation would be table worker, fabrication; in Tennessee, 471; in the USA, 13,317. Second occupation would be surveillance system operator/monitor; in Tennessee, 160; in the USA, 12,250. And the third occupation would be hand bander; in Tennessee, 338; in the USA, 11,990.

(Tr. 240). "[W]hen there is testimony that a significant number of jobs exists for which a claimant is qualified, it is immaterial that the number is a small percentage of the total number of jobs in a given area." Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988). In light of the foregoing, I find that the Commissioner has carried her burden of showing that work exists in significant numbers in the national economy that plaintiff can perform.

8

Therefore, it is hereby **RECOMMENDED**[3] that the plaintiff's motion for summary judgment [Doc. 14] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 18] be **GRANTED**.

Respectfully submitted,

  s/C. Clifford Shirley, Jr.  
United States Magistrate Judge

---

[3]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).