UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID SOUTHERN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:05-CV-413 |
| ) | (VARLAN/SHIRLEY) |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of plaintiff's objections [Doc. 21] to the report and recommendation filed by United States Magistrate Judge C. Clifford Shirley, Jr. [Doc. 20]. The defendant has filed a response to the objections [Doc. 23]. Magistrate Judge Shirley found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment [Doc. 14] be denied and that defendant Commissioner's motion for summary judgment [Doc. 18] be granted.

The Court considers only specific objections to the magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Secretary of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citations omitted). If, under the

substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. In considering the plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, and the administrative record. For the reasons that follow, plaintiff's objections will be overruled.

The plaintiff first objects to a provision of the R&R in which Judge Shirley repeats part of the ALJ's opinion concerning plaintiff's residual functional capacity. [*See* Doc. 20 at p. 7 (quoting TR at 17).] Plaintiff argues that the ALJ did not give reasons for rejecting the restrictions placed on him by Dr. Dubuc. As noted by plaintiff and as contained in the ALJ's decision, Dr. Dubuc ultimately concluded that plaintiff could return to work on light duty, with lifting 11-15 pounds, minimal bending, and 50-75% of work in a seated position. [TR at 16.] While the ALJ did not specifically state why he rejected this restriction, he did clearly state that he had "considered all medical opinions ... which reflect judgments about the nature and severity of the impairments and resulting limitations." [TR at 17.] He further stated that he had "considered all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence." [*Id.*] Judge Shirley noted that the ALJ thoroughly reviewed Dr. Dubuc's records and concluded that Dr. Dubuc's sitting restriction was not supported by the record.

2

This conclusion is supported by substantial evidence in the record and is not erroneous. *See Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993) (ALJ may reject treating source opinions that are either unsupported or internally inconsistent). This objection will be overruled.

Plaintiff next argues that the ALJ erred by suggesting that the physical therapy records contradict the need to work in a seated position. Plaintiff contends that the ALJ failed to offer any factually accurate rational for rejecting the restriction to work in a seated position. While the physical therapy records identify some limitations that plaintiff has, those limitations are not inconsistent with the ALJ's residual functional capacity assessment that plaintiff could perform light work that does not require repetitive stooping, squatting, crawling, or bending. This objection will be overruled.

Finding no error in the report and recommendation, the Court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant's motion for summary judgment; affirm the defendant Commissioner's decision in this case denying plaintiff's application for disability insurance benefits and supplemental security income; and dismiss this case. An order reflecting this opinion will be entered.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE